**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

STEPHON FORD JR.; and VIRGINIA
FORD,

     Plaintiffs,

v.

CLAYTON COUNTY, GEORGIA;
OFFICER STEPHEN D. BUICE;
OFFICER BRANDYN MCKAY;
JOHN DOE 1; and JOHN DOE 2,

     Defendants.

CIVIL ACTION FILE
NO. 1:25-cv-04982-JPB

**REPLY BRIEF IN SUPPORT OF DEFENDANT OFFICER STEPHEN D.
BUICE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

### I.     ARGUMENT AND CITATION OF AUTHORITY

**A.    Qualified Immunity Bars Plaintiffs' Section 1983 Claims Against Officer
Buice (Count I)**

#### 1.    No Constitutional Violation

In his initial brief, Officer Buice established his use of force was objectively

reasonable in light of the facts and circumstances confronting him because he had

probable cause, or at the very least arguable probable cause, to believe Ford posed a

threat of serious physical harm, either to the officer or to others, and therefore, his

use of deadly force was objectively reasonable. (Doc. 9-1, pp. 4-12). Officer Buice's

- 1 -

split-second decision to use deadly force was justified because Ford was armed, Officer Buice had intel that he shot and killed another officer (or K-9), and Ford was fleeing from law enforcement and refusing to surrender, all of which are felonies. (Id.) Officer Buice also established that he had probable cause, or at the very least arguable probable cause, to believe that Ford committed a crime involving the infliction or threatened infliction of serious physical harm based on either Ford shooting and killing K-9 Waro or the report that he had shot and killed a law enforcement officer.  (Id.) Finally, Officer Buice established that he was justified in using deadly force to prevent the escape of an armed fleeing felon under the rapidly evolving circumstances because he had probable cause, or at the very least arguable probable cause, to believe that Ford posed a threat of serious physical harm to others if he continued to flee.  (Id.)

In their response, plaintiffs contend "Officer Buice had no probable cause . . . [or] reasonable belief that the use of deadly force was necessary" because Ford was not actively fleeing "but laying on the ground in brush"; "mere possession" of a gun is not enough to justify deadly force; and "deadly force may only be used by a police officer when, based on a reasonable assessment, the officer or another person is threatening with the weapon." (Doc. 19, pp. 10–11). However, the allegations in the complaint, which must be taken as true for purposes of the instant motion to dismiss, contradict plaintiff's contentions and establish that Ford was fleeing and eluding

- 2 -

capture and that he was not merely in possession of a gun, but rather, that he shot and killed a K-9 and there were reports that he shot and killed a police officer, and that verbal commands were given to Ford to show his hands before shots were fired. (Doc. 1, ¶¶ 16-32). Under plaintiffs' own allegations in the complaint, even if Ford was laying down and hiding from capture at the moment he was shot, he had a gun and Officer Buice's use of deadly force was still objectively reasonable because Ford posed a threat of serious physical harm, because Officer Buice believed that Ford committed a crime involving the infliction or threatened infliction of serious physical harm, and in order to prevent the escape of an armed fleeing felon who posed a threat of serious physical harm to others if he continued to flee. (Doc. 9-1, pp. 4-12).

Plaintiffs' reliance on Cooper v. Sheehan is misplaced. 735 F.3d 153 (4th Cir. 2013). Foremost, Cooper was decided by the Fourth Circuit and not binding on this Court. Second, there, the Fourth Circuit found no qualified immunity for an officer who shot a man standing on his front porch "holding the shotgun in one hand, with its muzzle pointed at the ground. He made no sudden moves. . . . [or] threats. . . . He ignored no commands, [and] [t]he Officers had no other information suggesting that Cooper might harm them." Cooper, 735 F.3d at 159. Here, however, the events leading up to the shooting of Ford in the case at bar are non-existent in Cooper. Moreover, Officer Buice was aware that Ford was likely armed, had killed either

another person or a K-9, and was actively evading arrest. Compared to the shocking facts contained in Cooper and viewed through the lens which requires this Court to "see the situation through the eyes of the officer on the scene," plaintiffs' own allegations further bolster the assertion that Officer Buice acted reasonably and possessed probable cause, or at the very least, arguable probable cause. See Crosby v. Monroe County, 394 F.3d 1328, 1333–34 (11th Cir. 2004).

The Fourth Circuit in Cooper also discussed previous cases which found qualified immunity applied where "the objective basis for the threat was real, but the gun was not." 735 F.3d at 159; see Anderson v. Russell, 247 F.3d 125 (4th Cir. 2001); McLenagan v. Karnes, 27 F.3d 1002 (4th Cir. 1994); Slattery v. Rizzo, 939 F.2d 213 (4th Cir. 1991). Similarly here, as discussed above, the objective basis for a threat was real. Whether Ford was not in active flight by laying down in a brush to avoid capture or whether the gun was jammed has no bearing on whether Officer Buice's shooting was justified. See, e.g., Wilson v. Miller, 650 F. App'x 676, 680 (11th Cir. 2016). Thus, Officer Buice's conduct was objectively reasonable under the circumstances. Because Officer Buice's use of deadly force was objectively reasonable, he is entitled to qualified immunity.

### 2. No Violation Of Clearly Established Law

In his initial brief, Officer Buice established that even if this Court finds he violated Ford's constitutional rights, qualified immunity still shields him from

- 4 -

liability because he did not violate clearly established law. (Doc. 9-1, pp. 13-14).  It is plaintiffs' burden to overcome qualified immunity by pointing to specific actions of an officer which violated clearly established law. Montoute v. Carr, 114 F.3d 181, 185–86 (11th Cir. 1997).

Here, plaintiffs have not met that burden.  In response, plaintiffs argue "clearly established law" is broadly defined and, relying on Perez v. Suszczynski, 809 F.3d 1213 (11th Cir. 2016), claim it was violated by Officer Buice. (Doc. 19, pp. 12–15). But even under a relaxed standard, Perez does not clearly establish the law in this case.  The only similarity is that in Perez, the Eleventh Circuit analyzed an officer-involved shooting. There, the police responded to an altercation in a parking lot. 809 F.3d at 1217. The officers told Arango (the decedent) to get on the ground, he complied, an officer removed a gun from Arango's waistband, and an officer then shot and killed Arango "execution-style." Id.

Here, as discussed ad nauseam above and throughout Officer Buice's initial brief, Ford was an armed felon actively evading capture. Arango in Perez, on the other hand, was compliant, safely detained, disarmed, and killed in a dispassionate "execution-style" manner. This scenario does not establish controlling precedent particularized to the facts of this case. Nor would it have been obvious to every objectively reasonable government official confronted with the rapidly evolving circumstances facing Officer Buice that his conduct violated federal law.  Therefore,

because plaintiffs fail to meet their burden to show that Officer Buice violated clearly established law under the circumstances alleged in this case, he is entitled to qualified immunity.

## B.   Official Immunity Bars Plaintiffs' State Claims Against Officer Buice

In his initial brief, Officer Buice established that he is entitled to official immunity as to plaintiffs' state law claims because his conduct was discretionary and there are no allegations that he acted with actual malice, but to the contrary, his use of force was justified under O.C.G.A. § 16-3-21(a) to defend himself and/or O.C.G.A. § 17-4-20 to apprehend a suspected felon.  (Doc. 9-1, pp. 14-19).

In response, plaintiffs do not appear to dispute that Officer Buice was performing a direction function, but contend that Officer Buice shot the decedent intentionally and without justification which is tantamount to the "actual intent to cause injury" required to overcome official immunity.  (Doc. 19, p. 18).  Plaintiff relies heavily on DeKalb County v. Bailey to support their contention. 319 Ga. App. 278 (2012).

Foremost, as discussed in his initial brief, Officer Buice shot in self-defense and the shooting was justified.  (Doc. 9-1, pp. 14-19).  Plaintiffs merely contend that he was not justified, but they fail to recognize their very own allegations in the complaint.  Again, plaintiffs allege that Ford fled from law enforcement to evade arrest, he refused verbal commands to surrender to law enforcement, and that he shot

- 6 -

and killed K-9 Waro. (Doc. 1, ¶¶ 16-26).  Plaintiffs further allege that dispatch was notified that shots were fired and that several law enforcement agencies responded and that officers on scene were reporting that "Ford shot and killed a police officer, as opposed to a canine."  (Id., ¶¶ 25-28).  Plaintiffs contend that when Officer Buice and his K-9 Goran later encounter Ford, he was laying on the ground "in the same brush" where he had shot and killed K-9 Waro. (Id., ¶ 29). Plaintiffs allege that Officer Buice gave a verbal command to Ford to show his hands, but they do not allege that he showed his hands or otherwise indicated in any way that he was going to comply with the officers' directions or surrender.   (Id., ¶¶ 30, 31). Then, three shots were fired with one bullet striking the back of Ford's head, killing him.  (Id.) Plaintiffs concede that Ford was armed with a gun, as he was found lying there "atop" a gun. (Id., ¶ 32).  Based on plaintiffs' own allegations, Officer Buice shot Ford to protect himself and others from being killed or seriously injured.  In turn, Officer Buice was justified in his use of deadly force under O.C.G.A. § 16-3-21(a) to prevent death or great bodily injury to himself and those around.  Separately, Officer Buice was authorized to use deadly force under O.C.G.A. § 17-4-20 to apprehend Ford, a felony suspect, because he reasonably believed that Ford had a gun, and/or he reasonably believed that Ford posed an immediate threat of physical violence to Officer Buice and others based on either Ford's shooting of a K-9 or reports that he shot and killed an officer.

Turning to the case relied upon by plaintiffs, DeKalb County v. Bailey, that case is inapposite and does not support plaintiffs' contention that Officer Buice is not entitled to official immunity. There, Officer Torrey Thompson shot Lorenzo Matthews while investigating a stolen vehicle. Id. at 279. Thompson fired two rounds at Matthews when he ran at them with an object in his hand. Id. at 279–80. Matthews then ran into the woods and Thompson fired intermittently while pursuing him on foot. Id. at 280. Because "Thompson was never threatened with a weapon and did not have probable cause to believe that the man running away had committed a crime involving serious physical harm," the Court of Appeals of Georgia held Thompson was not entitled to official immunity. Id. at 282–83.

This case is fundamentally different. Here, Officer Buice was threatened with a weapon because the facts in the complaint established that Ford was armed with a gun as he killed the K-9 and Officer Buice had no reason to believe that he did not still have a gun in his hand.  And, as established above, Officer Buice also had probable cause to believe Ford committed a crime involving serious physical harm. (See Doc. 1, ¶¶ 25–26, 28, 31–33). Moreover, the facts evaluated in Bailey are distinguishable from the facts in this case. Unlike Officer Thompson in Bailey, plaintiffs do not allege Officer Buice's conduct was anywhere near as reckless as firing indiscriminately while pursuing Ford on foot.

Therefore, because Officer Buice was performing discretionary functions and none of the facts in the complaint establish that he acted with actual malice, Officer Buice is entitled to official immunity from plaintiffs' state law claims.

## C.   **Plaintiffs' State Constitutional Claim Is Not A Valid Cause Of Action (Count I)**

In his initial brief, Officer Buice established that Georgia law contains no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts, and there is no viable private cause of action against Officer Buice for his alleged constitutional violations. (Doc. 9-1, pp. 19-20). Plaintiffs fail to address this argument in their response. (Doc. 19).  The Court should therefore deem Officer Buice's argument unopposed, or alternatively, that plaintiffs have abandoned their claim under the Georgia constitution.  See Gore v. Jacobs Eng'g Grp., 706 F. App'x. 981, 986 (11th Cir. 2017) (a plaintiff's "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.") (citing Coal. For the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000)); Kramer v. Gwinnett County, Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Hudson v. Norfolk Southern Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001).

**D.    Plaintiffs' Wrongful Death Claim Independently Fails (Count III)**

In his initial brief, Officer Buice established that the state law claims should be dismissed for failure to state a claim because Officer Buice acted in self-defense under O.C.G.A. § 16-3-21(a) and he was statutorily authorized to use deadly force to apprehend a felony suspect under O.C.G.A. § 17-4-20.  (Doc. 9-1, p. 20). Additionally, Officer Buice established in his initial brief that plaintiffs' wrongful death claim should be dismissed for failure to state a claim because it is premised on allegations of "negligence," and there is no cause of action for the negligent use of force.    (Id., pp. 20-21). Plaintiffs also fail to address these arguments in their response. (Doc. 19).  The Court should therefore deem Officer Buice's arguments unopposed, or alternatively, that plaintiffs have abandoned their claim.  See Gore, 706 Fed. Appx. at 986; Kramer, 306 F. Supp. 2d at 1221; Hudson, 209 F. Supp. 2d at 1324.

**E.    Plaintiffs Are Not Entitled To Punitive Damages And Attorney's Fees**

Officer Buice established in his initial brief that plaintiffs are not entitled to punitive damages or attorney's fees. (Doc. 9-1, p. 21).  Plaintiffs do not substantively address this claim in his response. (Doc. 19). Therefore, the Court should deem Officer Buice's argument as unopposed, or alternatively, that plaintiffs have abandoned their claim for punitive damages and attorney's fees. See Gore, 706 Fed. Appx. at 986; Kramer, 306 F. Supp. 2d at 1221; Hudson, 209 F. Supp. 2d at 1324.

## II.    CONCLUSION

As shown above and in Officer Buice's initial brief, plaintiffs' complaint against Officer Buice should be dismissed.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

*Attorneys for defendants Clayton County, Georgia, Officer Stephen D. Buice, Officer Brandyn McKay.*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 25th day of November, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

*Attorneys for defendants Clayton County, Georgia, Officer Stephen D. Buice, Officer Brandyn McKay.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT OFFICER STEPHEN D. BUICE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record.

This 25th day of November, 2025.

**FREEMAN MATHIS & GARY, LLP**

/s/ A. Ali Sabzevari
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

*Attorneys for defendants Clayton County, Georgia, Officer Stephen D. Buice, Officer Brandyn McKay.*